IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHIRLEY JACKSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-1875 |
| | * | |
| MARYLAND DEPARTMENT OF | * | |
| GENERAL SERVICES, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Shirley Jackson filed this lawsuit against her employer, the Maryland Department of General Services ("DGS") and her former supervisor, Gary Gray (collectively, "Defendants"), alleging five counts of discrimination pursuant to Title VII: (1) pattern and practice of sex discrimination, (2) disparate terms and conditions of employment, (3) hostile work environment, (4) retaliation, and (5) wrongful termination and/or constructive discharge. Discovery has concluded and Defendants have filed a motion for summary judgment, ECF 33, which Plaintiff has opposed, ECF 36. This Court has considered the filings and the attached exhibits. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Defendants' motion for summary judgment will be granted.

**I.    BACKGROUND**

   **A.  Facts**

Plaintiff began working as an Administrator I at DGS on October 14, 2015, under the supervision of Clyde Strother. ECF 33-2 Ex. 1 at 20:3-4; 22:11-15; 17:7-8. Plaintiff believed Strother was a good supervisor. *Id.* at 18:6-16. After her initial six months of employment, Strother extended her probationary period through October, 2016 because he believed she needed

"more time to enhance her skills in this position." ECF 33-2 Ex. 7. Plaintiff did not file any complaint regarding the extension of her probationary period. ECF 33-2 Ex. 1 at 68:16-69:13; 75:2-19. She remained employed at DGS after the extended probationary period.

In June, 2016, Gary Gray replaced Strother as Plaintiff's direct supervisor. *Id.* at 17:13-18:5. Plaintiff describes Gray as a loud person who could be heard by everyone in the office. *Id.* at 40:8-10. She also states that he used profanity every day in his dealings with her and other DGS employees. *Id.* at 40:11-41:8.

On September 30, 2016, Gray took action to fire Plaintiff. *Id.* at 54:3-6. On that same date, a DGS representative, Lisa Hall, told Plaintiff that Gray's action to fire her had been rescinded. *Id.* at 87:1-18. Also on that same day, Plaintiff requested reassignment to a new supervisor. *Id.* at 52:18-54:12, 55:12-56:8. Plaintiff's timesheets show that she worked a full day on September 30, 2016 and received full salary and benefits. ECF 33-2 Ex. 4; ECF 33-2 Ex. 1 at 110:14-111:12.

Pursuant to her request, Plaintiff was placed on leave between October 3, 2016 and late December, 2016. ECF 33-2 Ex. 3. She received her pay for her period of FMLA leave. ECF 33-2 Ex. 1 at 44:4-6. Upon her return, she was reassigned to a new Administrator I position under a new supervisor, with the same pay grade and benefits as her prior Administrator I position. ECF 33-2 Ex. 5; ECF 33-2 Ex. 1 at 51:7-52:17.

**B. Procedural History**[1]

Plaintiff filed this lawsuit as a self-represented litigant on June 19, 2020. ECF 1. After Defendants answered the Complaint, this Court issued a scheduling order on November 15, 2021, setting a discovery deadline of February 14, 2022. ECF 18.

According to various status reports and motions for sanctions, Plaintiff essentially did not engage in discovery. *See* ECF 19 at 2 (describing how Plaintiff did not respond to Defendants' discovery requests despite acknowledging their receipt); ECF 21 at 2 (stating that Plaintiff propounded no discovery); ECF 33-2 Ex. 1 at 113:11-15 (Plaintiff's testimony admitting that she did not file Fed. R. Civ. P. 26 disclosures). Finally, on March 8, 2022, after the expiration of the discovery deadline, an attorney entered her appearance on Plaintiff's behalf. ECF 23. After a conference with counsel, this Court entered an order granting limited extension of the discovery deadline to allow Defendants to obtain responses to their discovery requests and to depose Plaintiff. ECF 29. Plaintiff's deposition occurred on May 26, 2022, in the presence of her attorney, and Defendants attached excerpts from the transcript as an exhibit to the instant motion. ECF 33-2 Ex. 1.

**II.   LEGAL STANDARDS**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of

---

[1] Defendants argue that this lawsuit was filed one day outside the ninety-day period provided by Title VII. ECF 33-1 at 10-11. While the docket in this case reflects that the Complaint was filed on June 19, 2020, the date stamp on the Complaint itself reflects receipt by the Court on June 17, 2020. Given the COVID-related work constraints during the summer of 2020, processing delays were not uncommon. Nevertheless, it is clear that Plaintiff's Complaint was timely received by this Court.

showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)). Finally, where a movant has met the initial burden of demonstrating to the court that there is no genuine issue of material fact, the nonmoving party may not rest on the allegations averred in her pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Summary judgment shall therefore be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex*, 477 U.S. at 322-23; *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from

them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III.  ANALYSIS

### A.  Sex Discrimination

The parties agree that the elements of a Title VII claim for sex discrimination are that Plaintiff (1) is a member of a protected class, (2) was meeting her employer's legitimate job expectations, (3) suffered an adverse employment action and (4) can show that similarly situated employees outside of the protected class were treated differently. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see White v. BFI Waste Servs.*, 375 F.3d 288, 295 (4th Cir. 2004).

Defendants, as the moving parties, have adduced evidence demonstrating that Plaintiff cannot satisfy the third element because she suffered no adverse employment action. An adverse employment action is one that produces "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

According to Defendants' evidence, none of the circumstances cited by Plaintiff met this standard. Defendants established that subjecting Plaintiff to an extended probationary period did not change her employment status, as she maintained employment well beyond October, 2016. ECF 33-2 Ex. 4. They established that Plaintiff's alleged "termination" did not change her employment status, because she stayed at work and experienced no diminution in pay. *Id.* And they adduced evidence that Plaintiff personally requested reassignment to a new supervisor, which she received with no change in her job title or compensation. *See James v. Booz-Allen & Hamilton,*

*Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (internal citations omitted) ("Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position."); *see also Laird v. Fairfax County*, 978 F.3d 887 (4th Cir. 2020) ("If an employee requests a transfer, and the employer agrees to it, there is no actionable adverse action.").

Plaintiff suggests, in her opposition, that her requested reassignment "was arguably a demotion from her role as Administrator I when she had direct reports and management responsibilities." ECF 34 at 6. She has failed to adduce any evidence, however, to create a genuine issue of material fact about what she alleges to be different responsibilities in the two positions. As described above, Plaintiff cannot survive summary judgment simply by resting on allegations in her Complaint. Plaintiff did not even attempt to gather any favorable evidence during discovery, nor has she made any attempt to argue that the evidence Defendant gathered supports her claims rather than Defendants' opposition to them, nor has she attempted to provide any evidentiary support for the arguments she makes in her opposition (like, for example, a sworn declaration) even in the absence of any favorable evidence gathered during discovery. Her failure to produce any evidence in support of her summary judgment opposition is fatal to her claims.

### B. Disparate Terms and Conditions

In her Complaint, Plaintiff alleges disparate terms and conditions based upon her receiving different pay than her supervisor, Strothers, but she did not respond to Defendants' motion seeking summary judgment on that count. Moreover, she conceded in her deposition that Strothers had materially different job responsibilities than she did and that she did not know his grade, step, or

salary. ECF 33-2 Ex. 1 at 25:8-27:8; 33:1-33:19. She therefore cannot use him as a comparator to establish a disparate pay claim, and summary judgment is warranted.

### C. Hostile Work Environment

In Count Three, Plaintiff alleges that Defendants violated Title VII by subjecting her to a hostile work environment, which exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). To establish a Title VII claim for a hostile work environment, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [religion or protected activity]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011)) (alteration and internal quotation marks omitted).

However, not every highly unpleasant or even abusive workplace amounts to a "hostile work environment" under the law. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, [or] a routine difference of opinion and personality conflict with [one's] supervisor" do not suffice) (internal citations and quotations omitted); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace

interactions do not create a hostile work environment).  One of the elements a plaintiff must allege for a hostile work environment claim is that "the harassment was based on her protected status." *See, e.g.*, *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (dismissing hostile environment claim where "Montgomery never made any derogatory comments about race or age, and nothing about his conduct suggests it was based on these factors.").

Here, the only evidence in the record is Plaintiff's testimony that Gray was loud and used profanity in his communications with his supervisees.  ECF 33-2 Ex. 1 at 40:8-41:8.  There is no evidence that Plaintiff was treated differently because of her sex or that any of the profane comments, which Plaintiff testified were directed generally at employees, even related to her sex. Use of loud, insulting language does not create a hostile work environment, absent more particularized facts relating the conduct to some protected class.

Once again, in her opposition, Plaintiff attempts to incorporate allegations from her pleadings, without augmenting those bald assertions with evidence such as deposition testimony or affidavits to support her claims.  ECF 36 at 6.  Her effort is unavailing and cannot create a genuine issue of material fact.

**D. Retaliation**

To state a claim for Title VII retaliation, a plaintiff must allege: "(1) that [plaintiff] engaged in a protected activity, (2) that the employer took a materially adverse action against [plaintiff] and (3) [that] there is a causal connection between the protected activity and the adverse action." *Perkins v. Intern. Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019).  For purposes of the second element, a plaintiff must allege that the action taken "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Wonasue v. Univ. of Maryland Alumni Ass'n*, 984 F. Supp. 2d 480, 491-92 (D. Md. 2013) (quoting *Madock v. McHugh*, No. ELH–

10–2706, 2011 WL 3654460, at *26 (D. Md. Aug. 18, 2011)). The standard for an "adverse action" in a retaliation claim "is less strenuous than the standard in a discrimination claim, because the adverse employment action in a retaliation case need not affect an employee's terms or conditions of employment." *Id.* (internal citations and quotation marks omitted).

As repeatedly noted above, Plaintiff's attempts to rely on allegations in her Complaint that she had informally complained to supervisors on unspecified earlier dates are unsubstantiated by the evidence required at the summary judgment stage. The only evidence of protected conduct in the record is Plaintiff's filing of an EEOC charge on September 30, 2016. ECF 33-2 Ex. 2. Plaintiff does not allege any arguably adverse actions occurring after that date, because she testified that even the decision to reassign her in accordance with her request had been made at that time. ECF 33-2 Ex. 1 at 52:18-54:6. Thus, summary judgment is warranted as to her claim for Title VII retaliation.

### E. Wrongful Termination/Constructive Discharge

Finally, Plaintiff's wrongful termination and discharge claim, by definition, requires cessation of employment to have occurred. Instead, the uncontroverted evidence shows no interruption in Plaintiff's DGS employment. ECF 33-2 Ex 4. She worked a full workday on the date she alleges she was "terminated," received her full pay, and continued her uninterrupted employment following her requested paid leave. Summary judgment for Defendants is therefore appropriate as to any termination-based claim.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, ECF 33, will be GRANTED. A separate Order will be filed herewith, and the Clerk will be directed to CLOSE this case.

Dated: August 18, 2022

/s/
Stephanie A. Gallagher
United States District Judge